UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL G. COOK,

                Plaintiff,

      v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

                Defendant.

Case No. 3:16-cv-05980-RJB

ORDER GRANTING MOTION TO DISMISS

This matter is before the Court on defendant Commissioner Nancy A. Berryhill's motion to dismiss for lack of subject matter jurisdiction. Dkt. 9. Plaintiff Michael G. Cook has filed a response. Dkt. 12-1. Because plaintiff has not exhausted his administrative remedies nor raised a colorable constitutional claim, this Court lacks jurisdiction to hear this matter. For these reasons, defendant's motion to dismiss is granted.

**PROCEDURAL HISTORY**

Plaintiff first applied for Social Security disability insurance benefits in 2009. *See* Dkt. 10 at Exhibit 7, p. 4. The Commissioner denied plaintiff's application, and plaintiff did not request reconsideration or a hearing. *Id*.

Plaintiff applied for disability benefits again in 2012. *See id*. at Exhibits 1, 3. The Commissioner denied this application, and plaintiff requested a hearing before an administrative

ORDER - 1

law judge ("ALJ"). *See id*. at Exhibit 3, p. 4. However, plaintiff then asked to withdraw his request for a hearing, and the ALJ accordingly dismissed the request for a hearing. *See id*. Plaintiff then asked the Appeals Council to review the dismissal. *See id*. at Exhibit 4. The Appeals Council declined. *See id*.

Plaintiff then filed a third application for disability benefits in 2013. *See id*. at Exhibit 7, pp. 4-6. After the application was denied, plaintiff requested a hearing before an ALJ and asked the ALJ to reopen the first two applications. *See id*. The ALJ declined to reopen the earlier applications and dismissed plaintiff's request for a hearing. *See id*. The Appeals Council denied plaintiff's request for review of this aspect of the ALJ's decision. *See id*. at Exhibit 8.

Plaintiff filed a complaint with this Court seeking judicial review. *See* Dkt. 3. The Commissioner filed a motion to dismiss, arguing that this Court is without subject matter jurisdiction to hear this matter. *See* Dkt. 9; *see also* Fed. R. Civ. P. 12(b)(1).

**STANDARD OF REVIEW**

Federal courts have limited jurisdiction and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citations omitted). When presented with a motion to dismiss for lack of subject matter jurisdiction, a plaintiff has the burden to demonstrate that this Court has jurisdiction. *See id*.; *see also* Fed. R. Civ. P. 12(b)(1). When presented with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), the Court favorably views "the facts alleged to support jurisdiction." *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000) (citing *Boettcher v. Sec. Health & Human Servs.*, 759 F.2d 719, 720 (9th Cir. 1985)).

This Court has statutory jurisdiction to review "any final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). Pursuant to the relevant federal

regulations, a claimant obtains a judicially reviewable final decision only after completing all of the required steps, including asking for reconsideration of an initial determination, requesting a hearing, and requesting review by the Appeals Council. *See* 20 C.F.R. §§ 404.907, 404.929, 404.967. A claimant seeking judicial review must either receive a decision by the Appeals Council or notice from the Appeals Council that it has denied the claimant's request for review. *See* 20 C.F.R. §§ 404.981, 122.210(a).

Although the Court has jurisdiction pursuant to statute to review only the final decision of the Social Security Administration made after a hearing, a discretionary decision by the Administration that is not a final decision may be subject to an exception where the Commissioner's decision "is challenged on constitutional grounds." *Evans v. Chater*, 110 F.3d 1480, 1482 (9th Cir. 1997) (citing *Califano v. Sanders*, 430 U.S. 99, 109 (1977)); 42 U.S.C. § 405(g). The Ninth Circuit has "held that 'the *Sanders* exception applies to any colorable constitutional claim of due process violation that implicates a due process right either to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits determination.'" *Udd v. Massanari*, 245 F.3d 1096, 1099 (9th Cir. 2001) (quoting *Evans*, 110 F.3d at 1483); *see also Sanders*, 430 U.S. at 107-09. According to the Ninth Circuit, a "challenge that is not 'wholly insubstantial, immaterial, or frivolous' raises a colorable constitutional claim." *Udd*, 245 F.3d at 1099 (quoting *Boettcher*, 59 F.2d at 722).

As stated by the Supreme Court, "[c]onstitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions." *Sanders*, 430 U.S. at 109. The Court noted the "well-established principle that when constitutional questions are in issue, the availability of judicial review is presumed." *Id.* (citations omitted).

Because an individual's interest in social security benefits is a property interest created by statute and protected by the Fifth Amendment, if a claimant has properly raised a due process claim with respect to the denial of such benefits, this Court has jurisdiction over this matter. *See Sanders*, 430 U.S. at 109; *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976); *Udd*, 245 F.3d at 1099; *Evans*, 110 F.3d at 1483.

**DISCUSSION**

Plaintiff concedes that he did not exhaust his administrative remedies and receive a final decision made after a hearing. *See* Dkt. 12-1 at 5. However, plaintiff alleges that the Commissioner violated plaintiff's constitutional right to due process by denying him a meaningful opportunity to be heard.[1] *See id*. at 5-8.

Plaintiff argues that he was first denied a meaningful opportunity to be heard when he did not receive a hearing following the denial of his first application. *See id*. at 5. However, plaintiff "decided to request that the ALJ dismiss his case" and withdrew his request for a hearing. *See* Dkt. 11-1 at 3. Plaintiff argues that he failed to understand the impact of that withdrawal. *See* Dkt. 12-1 at 5. A claimant may be denied a meaningful opportunity to be heard if, for example, he "lacked the mental capacity to understand the [Commissioner]'s termination notice and the procedures for contesting that termination." *Udd*, 245 F.3d at 1099. However, the evidence here does not indicate that plaintiff lacked the mental capacity to understand the opportunity to receive a hearing. Instead, plaintiff actively chose not to pursue his right to a hearing but later "changed his mind." *See* Dkt. 11-1 at 3. While plaintiff may have made a regrettable choice,

---

[1] Plaintiff also argues that the Commissioner committed several other errors in choosing to deny his requests to reopen prior applications. *See* Dkt. 12-1 at 5-8. However, those alleged violations of the Commissioner's regulations are not constitutional questions, and this Court does not have jurisdiction to review "alleged abuses of agency discretion in refusing to reopen claims for social security benefits." *See Califano*, 430 U.S. at 107–08.

ORDER - 4

allegedly due to incorrect legal advice (*see* Dkt. 12-1 at 5), that fact does not show that he was denied an opportunity or that the opportunity was not meaningful. Therefore, plaintiff has not met his burden of showing a colorable constitutional claim.

Plaintiff also argues that he had no meaningful opportunity to be heard before the Appeals Council. *See* Dkt. 12-1 at 6. However, the Appeals Council specifically stated that it looked at plaintiff's case, considered the reasons that plaintiff disagreed with the dismissal of his case, and found that the relevant evidence did not provide a basis for changing the ALJ's dismissal. *See* Dkt. 10 at Exhibit 4. Plaintiff claims that the Appeals Council violated his due process rights because it did not "meaningfully explain its decision," analogizing the case to *Dexter v. Colvin*, 731 F.3d 977 (9th Cir. 2013). *See* Dkt. 12-1 at 6. However, according to the Ninth Circuit, the Appeals Council's denial of review in *Dexter* violated due process because it "could not have made an informed decision" where the ALJ had failed to discuss all of the claimant's facially legitimate good cause arguments against a dismissal. *See Dexter*, 732 F.3d at 981. Here, the ALJ explained in her order of dismissal that plaintiff withdrew his request for a hearing after being "fully advised of the effects of [that] action." *See* Dkt. 10 at Exhibit 3, p. 4. The Appeals Council made a decision after review of the ALJ's dismissal and consideration of the reasons that plaintiff disagreed with that dismissal. *See id*. at Exhibit 4. Plaintiff does not show that the ALJ's dismissal was insufficient and left the Appeals Council without an opportunity to make an informed decision. Therefore, plaintiff has not raised a colorable constitutional claim.

## CONCLUSION

Pursuant to the relevant federal regulations, plaintiff failed to exhaust his administrative remedies. Therefore, this Court does not have jurisdiction pursuant to statute to hear this matter.

In addition, as plaintiff has not raised a colorable constitutional claim, this Court does not have jurisdiction pursuant to the Constitution to hear this matter. For these reasons, the Court **GRANTS** the Commissioner's motion to dismiss this case.

DATED this 12th day of June, 2017.

ROBERT J. BRYAN
United States District Judge